## GUTHRIE vs. FIELD ET AL.

A bill in chancery, continued at two successive terms, by consent, with leave to the defendants to answer—at the third term, no steps were taken, nor the case called up—at the fourth term, the complainants, at the calling of the cause, moved for a decree *pro confesso;* but the court dismissed the cause for want of prosecution: *Held,* That the court erred.

*Appeal from the Circuit Court of Pulaski County in Chancery.*

Hon. WM. H. FIELD, Circuit Judge.

TRAPNALL, for the appellant. The complainant was entitled to the decree asked for. *Sec.* 19, *chap.* 28, *Digest.*

S. H. HEMPSTEAD, contra. It is competent to dismiss a bill for want of prosecution. *Monteith vs. Taylor,* 9 *Vesey* 615; *Lyon vs. Dumbell,* 11 *Vesey* 608.

Mr. Justice SCOTT delivered the opinion of the Court.

It appears, from the bill of exceptions, that, on the 9th of February, 1854, both the complainants and the defendants appeared by their solicitors, and that this cause was regularly called up for trial, and that thereupon the complainants moved for a decree *pro confesso* against the defendants therein, who had been served with process, and had failed to answer the bill, which motion the court overruled, and thereupon, on its own motion, ordered the cause to be discontinued, upon the ground, as is stated, that no steps had been taken in the cause since in the year 1850, and a decree was made accordingly, from which the complainants appealed to this court.

It appears, from the transcript, that, on the 12th June, 1851, some of the defendants were allowed, until the succeeding term, to answer, and, by consent, the cause was continued; the complainants, at the same time, obtaining an order of publication against other defendants. It also appears, that, on the 20th January, 1853, the defendants were allowed further time to file their answer until the succeeding term, and the cause was continued. At the next succeeding term, it does not appear that any steps were taken by either party, or that the case was called up at all. Then follows the term when the decree in question was made, which, to say the least of it, is sustained, under the circumstances,

by no precedent, cited or known to this court. So far from the complainant having failed to prosecute his suit, it appears that, upon the only occasion when the cause was called up, he endeavored to progress in the manner provided by law, (*Digest*, *chap*. 28, *secs*. 13, 19,) which the court would not allow, and without further ado, thrust his cause out of court. The only two cases cited to sustain the action of the court in the premises, fall very far short of doing so.

The decree will be reversed, and the cause remanded to the Chancery Court for Pulaski county, to be proceeded with according to law.